LULA JOHNSON, ADMINISTRATRIX OF THE ESTATE OF GEORGE JOHNSON, DECEASED; LULA JOHNSON, WIDOW; PEARL J. MOORE, JOHN LUTHER, DON, EUGENE, EUNICE AND HAZEL JOHNSON, HEIRS-AT-LAW OF GEORGE JOHNSON, v. J. BUREN SIDBURY, ADMINISTRATOR OF THE ESTATE OF V. SIDBURY, DECEASED.

(Filed 23 May, 1945.)

**1. Judgments § 22e—**

Where, notwithstanding the summons and complaint in a civil action were duly served on defendant and copies left with him, defendant failed for a period of thirty days to acquaint himself with their contents and to file an answer or other defense, attributing his inattention and neglect to the similarity of the title of the case to a former action and to his preoccupation in the duties of his profession, this should not be held in law to constitute such excusable neglect as would relieve an intelligent and active businessman from the consequences of his conduct as against diligent suitors proceeding in accordance with the statute.

**2. Same—**

The judge is empowered by G. S., 1-220, to relieve a defendant from a judgment regularly taken against him only when he finds upon sufficient evidence that the judgment was taken through mistake, inadvertence, surprise, or excusable neglect, and that the defendant has a meritorious defense, so that, in the absence of excusable neglect, the question of meritorious defense becomes immaterial.

APPEAL by plaintiffs from *Johnson, Special Judge,* at December Term, 1944, of NEW HANOVER. Reversed.

Motion to set aside default judgment on ground of excusable neglect. Motion allowed and plaintiffs appealed.

*Rodgers & Rodgers and J. H. Ferguson for plaintiffs.*
*Carr, James & Carr and Clayton C. Holmes for defendant.*

DEVIN, J. The appeal in this case presents the question whether the defendant offered sufficient evidence of excusable neglect to warrant

setting aside a judgment by default and inquiry heretofore rendered against him for want of an answer.   G. S., 1-220.

It appears that the action was properly instituted in the Superior Court of New Hanover County to recover damages for injury to real property, and that summons and verified complaint were duly served on the defendant 13 June, 1944.   G. S., 1-89; G. S., 1-121.   No answer or other plea having been filed by defendant, on 14 July, 1944, judgment by default was rendered by the clerk, with order for inquiry as to amount of damages sustained by plaintiffs.   G. S., 1-209; G. S., 1-212.   On 14 October, 1944, defendant moved before the clerk to set aside the judgment, under G. S., 1-220, on the ground of excusable neglect.   This motion was denied and defendant appealed to the judge of the Superior Court.   On such appeal the judge held the judgment was taken through mistake, inadvertence or excusable neglect and that defendant had shown a meritorious defense, and ordered that the judgment be set aside and the defendant allowed to plead.   Plaintiff's appeal brings this ruling here for review.

The findings of fact upon which the order of the trial judge was based were substantially these: In 1941 a suit had been instituted by plaintiff's intestate George Johnson against V. Sidbury, defendant's intestate, and another, for a cause of action similar to that now sued on.   At May Term, 1944, a voluntary nonsuit had been entered in that action, and the defendant was so advised.   It was found by the court that when summons and complaint in the present action were served on defendant 13 June, 1944, through mistake and inadvertence, because of his knowledge of the former suit and the similarity of the papers, he concluded these were some papers in connection with the disposal of that suit, and did not need attention.   The court also found the following facts: "But the court further finds as a fact that at the time said summons and complaint were served upon the defendant, J. Buren Sidbury, administrator of the estate of V. Sidbury, deceased, on 13 June, 1944, he was a physician practicing in Wilmington and Eastern North Carolina; that he had a very large practice; that at that time and for some time prior thereto the city of Wilmington and the surrounding communities because of war activities had had a great influx of population, while the practicing physicians had decreased about one-third in number, thus throwing a great strain upon the practicing physicians in order to give the necessary attention to the sick and afflicted, and that the defendant, J. Buren Sidbury, because of the demands upon him as a physician was under great strain and unable to give the attention to personal affairs not involving the treatment of the sick and afflicted that he would have been able to give under normal conditions; that the defendant, J. Buren Sidbury, was at said time operating the Babies Hospital at Wrightsville Sound, which was filled to

capacity, and was also treating patients at the James Walker Memorial Hospital, and in addition thereto was treating patients at his private offices."

It thus appears that notwithstanding the summons and complaint were duly served on him by an officer, and that copies of these papers were left with him, the defendant failed for the period of thirty days to acquaint himself with their contents. While his inattention and neglect are attributed to the similarity in the title of this case to a former action, and to his preoccupation in the duties of his profession, commendable and highly important though they were, we do not think this should be held in law to constitute such excusable neglect as would relieve an intelligent and active business man from the consequences of his inattention, as against diligent suitors proceeding in accordance with the provisions of the statute. *White v. Snow,* 71 N. C., 232; *Churchill v. Ins. Co.,* 88 N. C., 205; *Williamson v. Cocke,* 124 N. C., 585, 32 S. E., 963; *Pepper v. Clegg,* 132 N. C., 312, 43 S. E., 906; *School v. Peirce,* 163 N. C., 424, 79 S. E., 687; *Pierce v. Eller,* 167 N. C., 672, 83 S. E., 758; *Lumber Co. v. Blue,* 170 N. C., 1, 86 S. E., 724; *Jernigan v. Jernigan,* 179 N. C., 237, 102 S. E., 310; *Lumber Co. v. Chair Co.,* 190 N. C., 437, 130 S. E., 12; *Dunn v. Jones,* 195 N. C., 354, 142 S. E., 320; *Kerr v. Bank,* 205 N. C., 410, 171 S. E., 367; *Carter v. Anderson,* 208 N. C., 529, 181 S. E., 750.

In *White v. Snow, supra,* it was said: "The summons was duly served on the defendant by the delivery of a copy. But he supposed it to be some notice or other paper in another suit pending between the same parties, and paid no attention to it. He does not say whether he read it or not. It is impossible to hold such neglect excusable." In *Sutherland v. McLean,* 199 N. C., 345, 154 S. E., 662, it was said that the imperative duty was imposed upon a defendant in a civil action to give to the litigation "such attention as a man of ordinary prudence usually bestows upon his important business."

The judge is empowered by G. S., 1-220, to relieve a defendant from a judgment regularly taken against him only when he finds upon sufficient evidence that the judgment was taken through mistake, inadvertence, surprise or excusable neglect, and that the defendant has a meritorious defense. *Lumber Co. v. Chair Co., supra; Dunn v. Jones, supra.* In the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial.

The ruling of the court below upon the facts presented that the defendant's inattention and neglect to plead within the time limited by statute was excusable must be held for error, and the judgment setting aside the judgment heretofore rendered in the cause is

Reversed.