VOLLIE S. WHITAKER v. GEORGE RAINES AND JO ALICE RAINES.

(Filed 18 September, 1946.)

**1. Judgments § 27a—Evidence held insufficient to establish excusable neglect.**

In this action for the recovery of real property, the evidence tended to show that defendants were personally served with summons and a copy of the complaint, that it was agreed that pending negotiations for settlement no answer should be filed, that thereafter defendants' attorney was notified that plaintiff would ask for judgment by default, that thereupon unverified complaint without bond or application for leave to defend without bond was filed, that notice was then served on defendants' counsel that plaintiff would move for judgment at the next term, and that at this term the unverified answer was stricken out and judgment rendered for plaintiff. Defendants' affidavit stated that they did not receive the letters from their attorney notifying them that negotiations had broken down and that the case had been calendared for trial. *Held:* There was no sufficient showing of excusable neglect and the granting of defendants' motion to set aside the judgment under G. S., 1-220, was error.

**2. Same—**

In the absence of sufficient showing of excusable neglect the question of meritorious defense becomes immaterial.

**3. Same—**

Parties who have been duly served with summons and copy of complaint in an action against them should give to their defense that amount of attention which a man of ordinary prudence usually gives to his important business.

APPEAL by plaintiff from *Alley, J.,* at April Term, 1946, of BUN-COMBE. Reversed.

Motion by defendants to set aside judgment on the ground of excusable neglect. Motion allowed and plaintiff appealed.

*Sanford W. Brown for plaintiff.*
*Don C. Young for defendants.*

DEVIN, J. The question here presented is whether the facts appearing in the record were such as to justify the court below in setting aside the judgment theretofore rendered in the cause on the ground of excusable neglect.

The parties are all residents of Buncombe County. The plaintiff instituted this action 10 July, 1945, to recover possession of one acre of land, alleging title in himself and wrongful withholding by defendants. Personal service of summons with copy of verified complaint was had on defendants 11 July, 1945. At request of defendants, time to answer was extended to 25 August, and again for 30 days thereafter. No answer was filed (G. S., 1-125), or bond given as required by G. S., 1-111, or affidavit made that defendants were unable to give bond as allowed by G. S., 1-112. On 31 December, 1945, more than three months after extended time for answering had expired, counsel for plaintiff wrote defendants' counsel that unless answer was filed on or before 10 January, 1946, plaintiff would ask for judgment by default. On 10 January, 1946, counsel filed an unverified answer on behalf of defendants (G. S., 1-144), but without bond or application for leave to defend without bond. Counsel for plaintiff thereupon served notice on defendants' counsel that plaintiff would at February Term, 1946, move for judgment. The case was calendared for 11 February, 1946. When reached, the unverified answer was stricken out and judgment rendered for plaintiff. G. S., 1-211; G. S., 1-111. Counsel for defendants was in the bar at the time and did not interpose objection.

On 30 March, 1946, defendants filed motion to set aside the judgment under G. S., 1-220, alleging as grounds therefor that there had been

negotiations between counsel for settlement and that defendants did not receive letters from counsel advising them that negotiations had failed, either in November, December or January, and did not know the cause was calendared for hearing at the February Term; and further that during the two weeks of the February Term the male defendant George Raines was sick and confined to his home. A meritorious defense was alleged. Plaintiff replied setting out in detail his efforts to get defendants into court, and alleged that after notice had been given defendants' counsel of record that the case was calendared for the February Term counsel for defendants stated he had been unable to get his clients to respond or communicate with him and he could not resist judgment; further plaintiff testified that on 11 February he saw defendant George Raines on the road between his home and Asheville, and knew he was not sick and confined to his home on that day.

The court allowed the defendants' motion to set aside the judgment, "being of opinion from the evidence offered that defendants did not have notice that the action was on the calendar for trial at the February Term," and that defendants had shown a meritorious defense.

We are unable to concur in the ruling of the learned judge who heard this motion. There are no findings of fact which would show excusable neglect on the part of defendants, or that the failure to file proper answer and undertaking was due to excusable neglect. *Vick v. Baker,* 122 N. C., 98, 29 S. E., 64; *Pepper v. Clegg,* 132 N. C., 312, 43 S. E., 906; *Johnson v. Sidbury,* 225 N. C., 208, 34 S. E. (2d), 67. In the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial. *Johnson v. Sidbury, supra.* The plaintiff appears to have prosecuted his action to a successful conclusion in accord with the orderly course of procedure prescribed for the determination of property rights, and judgment was entered as authorized by the statutes. The result may not be subsequently vacated upon motion under G. S., 1-220, save upon findings of fact sufficient to justify the granting of relief under that remedial statute. Parties who have been duly served with summons and copy of complaint in an action against them should give to their defense "that amount of attention which a man of ordinary prudence usually gives to his important business." *Sluder v. Rollins,* 76 N. C., 271; *Roberts v. Allman,* 106 N. C., 391, 11 S. E., 424; *Pierce v. Eller,* 167 N. C., 672, 83 S. E., 758; *Holland v. Benevolent Assn.,* 176 N. C., 86, 97 S. E., 150; *Cahoon v. Brinkley,* 176 N. C., 5, 96 S. E., 650; *Craver v. Spaugh, ante,* 450, 38 S. E. (2d), 525.

Judgment reversed.