HILDA W. PATE, by Her Next Friend, KATE WRIGHT, v. R. L. PITTMAN HOSPITAL, INC., and OTTIS BEDSOLE.

(Filed 12 December, 1951.)

**1. Judgments § 27a—Findings held insufficient predicate for conclusion that neglect was excusable.**

The findings of fact were to the effect that after service on the defendant corporation and its bookkeeper, the individual defendant, the summons and complaint were delivered to the president of the corporation, who handed them to the business manager with direction to send them to defendant's liability insurance carrier, that the carrier disclaimed liability, but that the business manager failed to so advise the president. There was also a finding that the president was out of town about twelve of the thirty days following the service of summons. *Held:* The findings are insufficient predicate for the conclusion that defendants' neglect was excusable so as to justify the court in setting aside the default judgment, G.S. 1-220, since, in the absence of an inference to the contrary it will be assumed that the insurance company gave notice of disclaimer without delay and in ample time to enable defendants to file answer, and the neglect of the business manager, a responsible agent, is imputed to defendants.

**2. Same—**

Parties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable within the meaning of G.S. 1-220.

**3. Same—**

In the absence of excusable neglect the question of meritorious defense is immaterial.

**4. Appeal and Error § 6c (3)—**

An exception and assignment of error to the holding of the court that the facts set forth in the affidavit and order of the court constitute excusable neglect are sufficient to present the question whether the facts found were sufficient to support the order setting aside the judgment under G.S. 1-220.

APPEAL by plaintiff from *Williams, J.,* at June Term, 1951, of CUMBERLAND. Reversed.

Motion to set aside judgment by default and inquiry and also the final judgment entered after inquiry, on the ground of excusable neglect.

The motion was allowed and from the order based on such ruling, the plaintiff appealed.

*Malcolm McQueen and N. H. Person for plaintiff, appellant.*
*Robert H. Dye for defendants, appellees.*

JOHNSON, J.　The single question presented by this appeal is whether the facts found were sufficient to justify the court below in setting aside the judgments on the ground of excusable neglect.　G.S. 1-220.

This is an action instituted by the plaintiff to recover damages against the corporate defendant, R. L. Pittman Hospital, Inc., and Ottis Bedsole, "agent and employee of the corporate defendant," for the alleged unlawful restraint of plaintiff's liberty by forcing her to remain in the hospital of the corporate defendant when she, not having paid her bill, sought to leave after being discharged by her physician.

The record indicates the action was properly instituted in the Superior Court of Cumberland County and summons and copy of the verified complaint were duly served on the defendants on 29 March, 1951.　G.S. 1-89, G.S. 1-97, and G.S. 1-121.　Both defendants having failed to file answer or other pleading within the statutory time, the plaintiff obtained judgment by default and inquiry before the Clerk on 30 April, 1951.　G.S. 1-209, and G.S. 1-212.　Thereupon the cause was transferred to the civil issue docket and came on for hearing at the May Civil Term, 1951, of the Superior Court, at which term the inquiry as to damages was executed by a jury and a verdict of $1,500 was rendered in favor of the plaintiff (G.S. 1-212), and on 14 May, 1951, judgment was duly entered on the verdict by Judge Williams.　Thereafter, on 17 May, 1951, the defendants moved before Judge Williams to set aside both judgments.　The motion was continued until the June Term, 1951.　When the case came on for hearing, Judge Williams upon facts found entered an order setting aside both judgments.

These are the facts found by the court (from the defendants' affidavits) in support of the order entered: "Dr. R. L. Pittman is and was the President of R. L. Pittman Hospital, Inc., K. D. Garner its business manager, and Ottis Bedsole its bookkeeper; that after service on the last named he delivered copy of the summons and complaint to the first named, who handed them to K. D. Garner, business manager as aforesaid, with directions to send them to the American Mutual Liability Insurance Company, who had issued its liability policy which was thought to cover defendants' liability for such cases as set forth in the complaint, and he did communicate with said insurance company, which disclaimed liability thereunder for the matters set out in the complaint, but he failed to call Dr. Pittman's attention to such disclaimer until after judgment was rendered, believing the corporate defendant was covered for such liability with another company, and Dr. Pittman being absent from town much of the time during the 30-day period following service as aforesaid, not only because of his wife's sickness but because his eyes were affected he could not perform his usual duties, having done no surgery for several weeks,

and undergoing treatment therefor by eye specialists in Charlotte, North Carolina, and in New York, as well as accompanying his sick wife out of town, at the suggestion of another doctor, for the needed rest and relaxation of both, and he was so absent in (April) 1951 from the 16th to 19th, 23rd to 26th, and from the 26th to 1 May; that Dr. Pittman did not know this action was not being defended, until after judgment and if he had known it an answer would have been filed in due time for both defendants, as the corporate defendant was to handle the suit for both." (Omitted here, as not being pertinent to decision, are the facts found showing a meritorious defense.)

It thus appears that the findings of fact are silent as to the period of time which elapsed between the service of the suit papers and their transmittal to the insurance company. The record is also silent as to when Business Manager Garner received from the insurance company its notice of disclaimer. Since the defendants claim no delay as to this, the inference is that the insurance company acted with dispatch. Mr. Garner simply says he received such notice but "failed to call Dr. Pittman's attention to such disclaimer until after judgment was rendered, believing the corporate defendant was covered . . . with another company, and Dr. Pittman being absent from town much of the time during the 30-day period following service."

Accordingly, in the absence of a showing to the contrary, it may be assumed that Garner received notice from the insurance company in ample time to have prevented, in the exercise of reasonable diligence, the entry of judgment by default against the defendants. His statement that he believed the corporate defendant was covered with another company adds nothing by way of excuse for his inattention. Indeed, it may even tend to indicate something of a disregard for consequences.

Nor is the position of the defendants materially improved by the showing that Dr. Pittman "was out of town much of the time during the 30-day period following service." It appears that the responsibility for arranging the preliminary phases of the defense was committed largely to K. D. Garner, business manager of the hospital. It is conceded by Dr. Pittman in his affidavit that he "expected Mr. Garner to look after the matter." This being so, and Mr. Garner being a responsible agent, it is not of controlling importance that Dr. Pittman was absent from town for good cause "much of the time during the 30-day period following service" of summons. Ordinarily, the inexcusable neglect of a responsible agent will be imputed to the principal in a proceeding to set aside a judgment by default. *Stallings v. Spruill,* 176 N.C. 121, 96 S.E. 890. See also *Kerr v. Bank,* 205 N.C. 410, 171 S.E. 367; *Morris v. Ins. Co.,* 131 N.C. 212, 42 S.E. 577; *Norwood v. King,* 86 N.C. 80.

Besides, the record indicates that Dr. Pittman was out of town only about ten or twelve of the thirty days in question and that he was in town four or five of the last ten days.

In *Pepper v. Clegg,* 132 N.C. 312, p. 316, 43 S.E. 906, it is said: "When a man has a case in court the best thing he can do is attend to it. If he neglects to do so he cannot complain because the other party attended to his side of the matter."

In ruling on a motion to set aside a judgment for excusable neglect, the rule is that parties who have been duly served with summons are required to give to their defense "that amount of attention which a man of ordinary prudence usually gives to his important business." *Sluder v. Rollins,* 76 N.C. 271; *Roberts v. Allman,* 106 N.C. 391, 11 S.E. 424; *Pierce v. Eller,* 167 N.C. 672, 83 S.E. 758; *Queen v. Gloucester Lumber Co.,* 170 N.C. 501, 87 S.E. 325; *Cahoon v. Brinkley,* 176 N.C. 5, 96 S.E. 650; *Elramy v. Abeyounis,* 189 N.C. 278, 126 S.E. 743; *Lumber Co. v. Chair Co.,* 190 N.C. 437, 130 S.E. 12; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67. Anything short of this requirement would endanger the vital mechanics of orderly court procedure as fixed by statute.

We conclude that the facts as found by the court below do not in law constitute such excusable neglect as will relieve an intelligent and active business man from the consequences of his inattention, as against a diligent suitor proceeding in accordance with orderly procedure fixed by statute. *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266; *Johnson v. Sidbury, supra* (225 N.C. 208); *Jernigan v. Jernigan,* 179 N.C. 237, 102 S.E. 310; *Lumber Co. v. Blue,* 170 N.C. 1, 86 S.E. 724.

"In the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial." *Whitaker v. Raines, supra; Johnson v. Sidbury, supra.*

The defendants challenge the sufficiency of the plaintiff's assignment of error. The record indicates that the plaintiff excepted to and appealed from the order and assigned as error: "the holding of the Court that the facts set forth in the affidavits and the judgment(s) (order) constitute mistake, surprise, inadvertence and excusable neglect." This is sufficient to present the question here posed for decision: whether the facts found are sufficient to support the order. *Dixon v. Osborne,* 201 N.C. 489, 160 S.E. 579; *Brown v. Truck Lines,* 227 N.C. 65, 40 S.E. 2d 476.

For the reasons given, the order setting aside the judgments heretofore rendered in the cause is

Reversed.