FRANCES HOUSTON STEPHENS, A MINOR, BY NEXT FRIEND, FLORENCE HOUSTON, v. ROBERT D. CHILDERS.

(Filed 29 October, 1952.)

**1. Judgments § 27a—**

In order to be entitled to have a default judgment set aside under G.S. 1-220, movant must show excusable neglect and also that he has a meritorious defense.

**2. Same—**

Where the insurance carrier has all the papers sent to it and undertakes with the knowledge and consent of insured to defend a suit against insured, insurer is insured's responsible agent and its neglect to file answer in time will be imputed to insured, and the court's findings to the effect that insurer was guilty of neglect and that such neglect was inexcusable sustains judgment refusing to set aside the judgment by default and inquiry. G.S. 1-220.

**3. Same—**

Upon motion to set aside judgment under G.S. 1-220, the absence of a sufficient showing of excusable neglect renders the question of meritorious defense immaterial.

APPEAL by defendant from *Sink, J.,* at June Term, 1952, of BURKE.

Civil action to recover damages for personal injuries sustained by the plaintiff in an automobile wreck alleged to have been caused by the negligence of the defendant, heard below on motion of the defendant to set aside judgments by default and inquiry on the ground of excusable neglect.

The record indicates the action was properly instituted in the Superior Court of Burke County, and summons with copy thereof and copy of the verified complaint were duly served upon the defendant on 31 January, 1952. G.S. 1-89; G.S. 1-121. The defendant having failed to file answer or other pleading within the statutory time, the plaintiff obtained judgment by default and inquiry before the Clerk of the Superior Court on 3 March, 1952. Then on 5 March, by supplemental judgment of the Clerk reciting that if because of leap year the former judgment was prematurely entered, it was thereby ratified and confirmed, and the Clerk readjudicated that the plaintiff have and recover of the defendant in manner and form as set out in the former judgment of 3 March, 1952.

Thereafter, at the March Term, 1952, of Burke County Superior Court, which convened on 10 March, counsel for the defendant moved the court, under G.S. 1-220, to vacate the judgments on the ground of excusable neglect of the defendant.

The motion was continued until the June Term, 1952, when it was heard by consent before Judge Sink on affidavits filed by both parties.

The pertinent facts disclosed by the defendant's affidavits are these: The day following service of suit papers upon the defendant notice thereof was given by telephone to his liability insurer's agent in Hickory, North Carolina. In the telephone conversation the insurance agent requested that the suit papers be forwarded to him by mail, and this was done the next day, 2 February. The insurance agent, under date of 4 February, forwarded the papers by mail to the Resident Adjuster of the defendant's liability insurance carrier, at his office in Charlotte. The Resident Adjuster contacted the defendant and assured him that the insurance company would undertake the defense of the litigation and would take all necessary steps to employ counsel and protect the interest of the defendant, and that it would not be necessary for the defendant to employ legal counsel. The suit papers were forwarded by the Resident Adjuster to the Greensboro, North Carolina, Divisional Office of the insurance company "for processing," with direction "to employ as counsel to defend the action the firm of Mull, Patton & Craven." The "date stamp" indicates that the suit papers were received at the Greensboro Divisional Office on 29 February, 1952. The papers were forwarded from that office to Messrs. Mull, Patton & Craven, Morganton, North Carolina, with letter of transmittal posted at 6:30 p.m. 4 March, 1952. It is conceded in brief that the papers were not received by the attorneys until 6 March, the day following the entry of the supplemental judgment.

At the close of the hearing judgment was dictated and entered by Judge Sink. The pertinent findings and conclusions contained in the judgment are as follows:

". . . The Court is of the opinion that the negligence complained of— and patently the negligence that occurred—arose by the conduct of the defendant (defendant's) Insurance Carrier, Iowa Mutual Insurance Company. The Court is therefore of the opinion that the record discloses no evidence or testimony that would warrant any court in finding excusable neglect. The Court is of the opinion and does find that the defendant is in position to set up a plausible defense. In view of the fact that the Statutes of North Carolina provide the procedure in such cases such as that now under consideration by the Court, and the further fact heretofore found by the Court that the Insurance Carrier was negligent in not rendering the duty it owed to the insured within the statutory period, does not warrant this Court in disturbing the judgment by default and inquiry; therefore, the motion is denied—to which the movant in apt time notes his exception. The Court takes the view that to recognize the right of the insurer in instances such as this would be tantamount to permitting Insurance Carriers and others to dictate their own terms with respect to time, and that this would result in delay of the acts of the court and would be an utter lack of regard for it."

STEPHENS *v.* CHILDERS.

The defendant in apt time gave notice of appeal from the findings of fact and conclusions of law and the judgment. The notice recites that the defendant "specifically excepts to the findings of fact that the evidence discloses no testimony that would warrant any court in finding excusable neglect and excepts to the failure of the court to find that the negligence of Iowa National Mutual Insurance Company constituted excusable neglect on the part of the defendant, . . . and excepts to the apparent conclusion of law that the court was without discretionary power under the Statute to set aside the default judgment, and excepts to the Judgment . . ., and gives notice of appeal to the Supreme Court." The exceptions so noted were grouped and brought forward in the defendant's assignments of error.

*C. David Swift for plaintiff, appellee.*
*Mull, Patton & Craven for defendant, appellant.*

JOHNSON, J. It is established by the decisions of this Court that a party moving under the provisions of G.S. 1-220 to set aside a judgment rendered against him on the ground of excusable neglect not only must show excusable neglect but also must make it appear that he has a meritorious defense to the plaintiff's cause of action. *Perkins v. Sykes,* 233 N.C. 147, 63 S.E. 2d 133; *Hanford v. McSwain,* 230 N.C. 229, 53 S.E. 2d 84; *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67; *Parnell v. Ivey,* 213 N.C. 644, 197 S.E. 128; *Dunn v. Jones,* 195 N.C. 354, 142 S.E. 320.

The defendant urges that the court erred in finding (1) "that the record discloses no evidence or testimony that would warrant any court in finding excusable neglect," and (2) in failing to find "that the negligence of Iowa National Mutual Insurance Company constituted excusable neglect on the part of the defendant."

Here the defendant takes the position that the court made no specific finding as to neglect, whether excusable or not, of the defendant, and urges that the court in effect was saying that on the facts presented it had no discretion to set aside the judgments. These contentions are untenable. Negligence of the insurance carrier was conceded. The mooted question was whether its negligence was imputed to the defendant. The clear import of the judgment is that the court found the negligence of the insurance carrier inexcusable and that it was imputed to the defendant. These findings are sustained by the record. All the evidence tends to show that the insurance company assumed the responsibility of defending the action for the defendant with his full knowledge and consent, under circumstances which constituted the insurance company the agent of the defendant for the purpose of employing counsel and arrang-

ing for the defense of the action. On this record the negligence of the insurance company was inexcusable and clearly imputable to the defendant.

The rule is established with us that ordinarily the inexcusable neglect of a responsible agent will be imputed to the principal in a proceeding to set aside a judgment by default. *Stallings v. Spruill,* 176 N.C. 121, 96 S.E. 890. See also *Kerr v. Bank,* 205 N.C. 410, 171 S.E. 367; *Morris v. Ins. Co.,* 131 N.C. 212, 42 S.E. 577; *Norwood v. King,* 86 N.C. 80; *Pate v. Hospital,* 234 N.C. 637, 68 S.E. 2d 288.

The decisions cited and relied on by the defendant are distinguishable.

In the absence of sufficient showing of excusable neglect, the mooted question of meritorious defense becomes immaterial. *Pate v. Hospital, supra; Whitaker v. Raines, supra.*

Upon the record as presented reversible error has not been made to appear.

Affirmed.