PAUL HOWARD, Plaintiff Appellant v. JERRY R. WILLIAMS T/D/B/A Commercial Package & Delivery Service, Inc. and COMMERCIAL & PACKAGE DELIVERY SERVICE, INC. A/K/A Commercial Package & Delivery Service AND A/K/A COMMERCIAL PACKAGE & DELIVERY SERVICE, INC., Defendant Appellees

No. 785DC474

(Filed 3 April 1979)

**Rules of Civil Procedure § 60.2— attorney's neglect imputed to defendant—no excusable neglect—judgment improperly set aside**

The trial court erred in setting aside default judgment against the individual defendant on the ground of excusable neglect where the evidence tended to show that defendant turned the matter over to an attorney and thereafter made little, if any, inquiry as to whether anything had been done, and the neglect of the attorney was therefore imputed to defendant.

APPEAL by plaintiff from *Barefoot, Judge.* Order entered 10 April 1978 in District Court, NEW HANOVER County. Heard in the Court of Appeals 1 March 1979.

This action was initiated on 13 December 1977 when plaintiff filed a complaint against the individual and corporate defendants to collect the $1,500 balance due on a $3,000 promissory note. Plaintiff alleged that the note was executed by Jerry R. Williams as president of Commercial Package *and* Delivery Service, Inc. when, in fact, Williams was president of Commercial *and* Package Delivery Service, Inc. Further, plaintiff alleged that the corporation did not hold itself out as a corporation in its telephone listing for Wilmington, North Carolina. The business is listed therein as "Commercial and Package Delivery Service". Plaintiff further alleged that if Williams knew there was no corporation known as Commercial Package and Delivery Service, Inc. when the note was executed, then defendant Williams is personally liable to plaintiff. Alternatively, plaintiff alleged that if Williams was somehow merely mistaken as to the correct corporate name of the business of which he purported to be president, then Commercial and Package Delivery Service, Inc. was indebted to plaintiff "in addition to the personal liability owing to the plaintiff from the defendant Jerry R. Williams". No such corporation as that appearing on the note exists in North Carolina.

The complaint was served on Williams individually and as agent for the corporation on 15 December 1977. On 17 January

1978 default judgment pursuant to G.S. 1A-1, Rule 55(a) was entered against both defendants. The expiration of the 10-day automatic stay provisions governing the issuing of execution under G.S. 1A-1, Rule 62(a), and expiration of the 10-day time for giving notice of appeal expired on 28 January 1978. Neither defendant took any action during that period to file notice of appeal from the default judgment.

On 31 January 1978, the corporate defendant filed a petition in bankruptcy.

Execution against Williams was issued on 1 February 1978 resulting in a levy on a camper trailer owned by him.

On 15 February 1978 Williams moved to set aside the default judgment on grounds of excusable neglect and meritorious defense.

At a hearing on the motion, Williams testified that, upon being served with the summons and complaint in the action, he took them to his attorney, Mr. Granville Ryals, and asked him to handle the matter. Thereafter, he found that Ryals stayed in South Carolina four or five days a week. He assumed that Ryals took appropriate action. Toward the end of January, Williams consulted with his new attorney about the financial difficulties of Commercial and Package Delivery Service, Inc. The complaint in this action and several other complaints against the corporate defendant were then forwarded to his new attorney and the default judgment was discovered. Williams had not realized that the present action was against him personally when he first received the complaint because he had not signed the note in a personal capacity. The transaction behind the note consisted of a redemption of company stock from plaintiff, a former employee. The corporation had made one $1,500 payment on the note to plaintiff.

The trial court made findings of fact and concluded that the individual defendant had shown excusable neglect and meritorious defense and set aside the default judgment. Default judgment against the corporate defendant was found to be "valid". The plaintiff appealed.

*Parker, Rice & Myles, by Charles E. Rice III, for plaintiff appellant.*

*Burney, Burney, Barefoot & Bain, by R. C. Bain, for defendant appellee.*

CARLTON, Judge.

Plaintiff's primary contention is that the facts found by the trial court are insufficient to support its conclusion that there was excusable neglect on the part of the individual defendant, and that the evidence is insufficient to support such findings.

G.S. 1A-1, Rule 55(d) provides: "For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)."

The judgment entered by the clerk was not a mere entry of default, but was a final judgment which may be set aside only for the reasons stated in Rule 60(b) which provides in part as follows:

(b) —On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertance, surprise, or excusable neglect;

. . . .

Rule 60(b)(1) replaces former G.S. 1-220 and the cases interpreting it are still applicable. *Doxol Gas of Angier, Inc. v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971).

In order to have a judgment set aside, the movant must show excusable neglect and a meritorious defense. 8 Strong, N.C. Index 3d, Judgments, § 24, p. 55; *Whitaker v. Raines*, 226 N.C. 526, 39 S.E. 2d 266 (1946).

Defendant contends that he turned the matter over to an attorney and thereafter relied on the attorney to do whatever needed to be done to protect him, asserting that the neglect of the attorney is not chargeable to him.

Numerous decisions of the Supreme Court and this Court have been based on evaluations of situations similar to that

presented in the case at bar. *See especially Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148 (1976); *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507 (1954).

We think this case is controlled by the principles enunciated in *Jones v. Statesville Ice & Fuel Co.*, 259 N.C. 206, 209, 130 S.E. 2d 324, 326 (1963), in which the Supreme Court stated:

> It is generally held under the above statute [G.S. 1-220] that "(p)arties who have been duly served with summons are required to give their defense that attention which *a man of ordinary prudence usually gives his important business*, and failure to do so is not excusable." (Citations omitted, emphasis added.)

> Where a defendant engages an attorney and thereafter diligently confers with the attorney and generally tries to keep informed as to the proceedings, the negligence of the attorney will not be imputed to the defendant. *If, however, the defendant turns a legal matter over to an attorney upon the latter's assurance that he will handle the matter, and then the defendant does nothing further about it, such neglect will be inexcusable.* (Citations omitted, emphasis added.)

The trial court, to support its conclusion that defendant's neglect was excusable, found as a fact "That Granville A. Ryals, even though a member of the New Hanover County Bar, spends as much as four days out of every week in South Carolina and was unable to be contacted by the Defendant Jerry R. Williams." No finding was made as to what attempts, if any, defendant made to contact his attorney or otherwise attend to the business of defending the suit against him.

Moreover, the evidence presented to the trial court does not reflect that defendant gave his defense that attention which "a man of ordinary prudence usually gives his important business." *Jones v. Statesville Ice & Fuel Co., supra*. On direct examination, the defendant was asked if he made an effort "to get [the] papers from Mr. Ryals." He replied, "Yes, Sir. Mr. Ryals, I found out, was in South Carolina more than he is here in Wilmington. He spends about four or five days a week somewhere in South Carolina." Here, there is no indication of the nature or extent of defendant's efforts to contact his attorney.

However, on cross-examination, the following exchange took place:

Q. When you got the Complaint, you took it to Mr. Ryals and said: "Mr. Ryals, handle this". Is that right?

A. When I got the note from the Sheriff's Department?

Q. Yeah. This Complaint.

A. Yes, Sir.

Q. And you said "Mr. Ryals, handle this." And then you had Mr. Ryals give it to Mr. Bain and you said "Mr. Bain, handle this." Right?

A. Yes, Sir.

Q. And you didn't do anything else about it until there was the execution, is that right?

A. I didn't do anything about it; no, Sir.

Q. You left it up to your Attorneys?

A. Yes, Sir.

Q. And you didn't specifically go to them and say "Now, look, take care of this thing right here, right now?"

A. That's what I did when I carried it to Granville Ryals originally.

Q. But after that you didn't do that?

A. No, I just assumed that he had.

Q. Ok.

A. I assumed he was a reputable Attorney.

Q. Of course. And you just thought it would go through the process of whatever it was and come out ok?

A. Right.

In our opinion, when the defendant Williams turned the matter over to attorney Ryals and thereafter made little, if any, inquiry as to whether anything had been done, the neglect of the attorney is imputable to him. He has shown no excusable neglect.

---

We note also that this transpired during a period when, according to the record, other lawsuits were being served against the defendants and the corporate defendant was preparing for bankruptcy proceedings—a period when properly and diligently attending to business and legal matters would be uppermost in the mind of the man of ordinary prudence in conducting his important business.

We agree with the general view that provisions relating to the setting aside of default judgments should be liberally construed so as to give litigants an opportunity to have the case disposed of on the merits to the end that justice be done. Any doubt should be resolved in favor of setting aside defaults so that the merits of the action may be reached. However, statutory provisions designed to protect plaintiffs from defendants who do not give reasonable attention to important business affairs such as lawsuits cannot be ignored. *See generally*, 49 C.J.S., Judgments, § 334, p. 612; *Alopari v. O'Leary*, 154 F. Supp. 78 (E.D. Pa. 1957).

In the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial. *Stephens v. Childers*, 236 N.C. 348, 72 S.E. 2d 849 (1952) and cases there cited. We, therefore, do not discuss plaintiff's argument with respect to meritorious defense.

The order of the trial court is

Reversed.

Judges PARKER and HEDRICK concur.