ESTATE OF PATRICIA ANN TEEL, by Administratrix LINDA M. NADDEO, Plaintiff-Appellee v. LISTON S. DARBY, Administrator of the Estate of DWAINE LYDELL DARBY, Defendant-Appellant

No. COA97-669

(Filed 2 June 1998)

**1. Appeal and Error § 496 (NCI4th)— motion to vacate judgment denied—motion to vacate entry of default irrelevant**

The propriety of the trial court's denial of defendant's motion to vacate entry of default was irrelevant if the trial court properly denied defendant's motion to vacate entry of default judgment.

**2. Judgments § 513 (NCI4th)— default judgment—service of amended complaint—evidence sufficient—judgment not void**

A default judgment was not void pursuant to N.C.G.S. § 1A-1, Rule 60(b)(4) because the amended complaint was never served on defendant where there was sufficient evidence to support the trial court's finding that defendant had been served with a copy of the amended complaint.

**3. Judgments § 429 (NCI4th)— failure to answer—default judgment—inexcusable neglect by insurer**

The trial court properly concluded that an insurer's actions constituted inexcusable neglect and refused to set aside a default judgment where the insurer was aware of information which would tend to indicate that the policy provided coverage for the automobile accident. In light of the general wording of notice pleadings and facts as disclosed by plaintiff's attorney and others, the insurer's decision not to defend or answer was imprudent.

**4. Judgments § 431 (NCI4th)— default judgment—inexcusable neglect—actions of attorney**

The actions of defendant's attorney constituted inexcusable neglect and the trial court properly denied defendant's motion to set aside entry of a default judgment where the attorney admitted in an affidavit that he and another partner failed to forward a copy of the amended complaint to the insurance company, that he was not aware that the amended complaint changed the alleged date of the accident, that he took no action to file a responsive pleading in spite of the fact that he was aware of the

insurer's denial of coverage, and that neither he nor any attorney or staff member notified the insurer of plaintiff's motions for entry of default and default judgment or the subsequent entry of judgment.

5. **Judgments § 431 (NCI4th)— default judgment—attorney's failure to act—party's failure to act**

The trial court properly found that defendant had failed to show excusable neglect and properly refused to set aside a default judgment where the record was devoid of any evidence of follow up by defendant once he turned the matter over to his attorney. The primary duty of attending to litigation remains with the defendant and, in the absence of a sufficient showing of excusable neglect, the question of a meritorious defense becomes moot.

Appeal by defendant from order entered 28 February 1997 by Judge William H. Helms in Union County Superior Court. Heard in the Court of Appeals 24 February 1998.

*Weaver, Bennett & Bland, P.A., by Michael David Bland, Howard M. Labiner, and Christopher M. Vann, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Scott M. Stevenson, Allen C. Smith, and Kenneth Lautenschlager, defendant-appellant.*

TIMMONS-GOODSON, Judge.

This action arises out of a single-car accident, which occurred between the evening hours of 30 April and the early morning of 1 May 1993, and resulted in the death of all of the vehicle's occupants. There were no eye witnesses to the accident, but the evidence tends to show that on the evening of 30 April 1993, Dwaine Lydell Darby, Patty Teel and Melissa Mullis were passengers in a vehicle driven by Otis Blount. Further, evidence indicates that, on that same evening prior to the accident, Blount purchased and drank alcoholic beverages, which he had obtained from the Monroe ABC Store and a convenience store owned by Monroe Oil Company, Inc. After drinking two pints of alcohol, Blount and his passengers traveled to a local night club in Monroe, North Carolina. The four later left the night club, again with Blount driving, and were en route to a friend's house, when the car left the roadway and struck a tree, killing all of the vehi-

cle's occupants. Police records indicate that a police officer was dispatched to the accident site after receiving a report of an accident, on 1 May 1993 at 12:15 a.m.

As a result of the accident, on 7 October 1994, plaintiff instituted this action against Monroe Oil Company, the City of Monroe Board of Alcoholic Beverage Control, Liston S. Darby (hereinafter "Darby"), Administrator of the Estate of Dwaine Lydell Darby, and Joseph Hutcherson, Administrator of the Estate of Otis Stephen Blount. Therein, plaintiff alleged that the accident occurred "on or about May 1, 1993." Darby was served with a copy of the complaint on 13 October 1994, and Attorney R. Kenneth Helms, Jr., who had represented Darby in a related matter, sent a copy of the complaint to Allstate Insurance Company, (hereinafter "Allstate"), the insurance carrier of Darby's deceased, and an unnamed defendant herein.

Plaintiff filed a motion to amend the complaint on 7 March 1995, and attached a proposed amended complaint. This motion was granted in open court on 10 April 1995, and by order entered 2 May 1995. On 18 April 1995, plaintiff filed the amended complaint and served it on all of the parties. Allstate, however, contends that Darby was not served with the amended complaint.

Plaintiff filed a motion for entry of default on 2 January 1996, and entry of default was filed on 3 January 1996. On 4 January 1996, Attorney James W. Pope filed a motion to withdraw as counsel for defendant Darby and Blount. Mr. Pope was allowed to withdraw by order entered 16 January 1996. Thereafter, on 1 May 1996, plaintiff took a voluntary dismissal without prejudice against Monroe Oil Company, the City of Monroe Board of Alcoholic Beverage Control, and Joseph Hutcherson.

Plaintiff subsequently filed a motion for entry of default judgment on 20 May 1996. By judgment entered 21 August 1996, plaintiff's motion for entry of default judgment was allowed. Allstate and Darby filed a motion to set aside entry of default and default judgment on 11 November 1996, and this motion was denied by order entered 25 February 1997. Defendant Darby appeals.

On appeal, defendant brings forth two arguments by which he argues that the trial court erred in first denying his motion to set aside the entry of default and, then, denying his motion to set aside entry of default judgment. For the reasons discussed herein, we reject these arguments, and accordingly, affirm the order of the trial court denying defendant's motions.

ESTATE OF TEEL v. DARBY

[129 N.C. App. 604 (1998)]

Entry of default against a defendant results in all allegations of plaintiff's complaint being deemed admitted against that defendant, and thereafter, defendant is prohibited from defending on the merits of the case. *Spartan Leasing v. Pollard*, 101 N.C. App. 450, 400 S.E.2d 476 (1991). The entry of default is only an interlocutory act looking toward subsequent entry of final judgment of default. *State Employees' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 330 S.E.2d 645 (1985). While entry of default may be set aside pursuant to Rule 55(d) and a showing of good cause, *Bailey v. Gooding*, 60 N.C. App. 459, 299 S.E.2d 267, *disc. review denied*, 308 N.C. 675, 304 S.E.2d 753 (1983), after judgment of default has been entered, the motion to vacate is governed by Rule 60(b), *Pendley v. Ayers*, 45 N.C. App. 692, 263 S.E.2d 833 (1980).A prior judgment may be set aside for "[m]istake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1) of the North Carolina Rules of Civil Procedure. *See* N.C.R. Civ. P. 60(b)(1). A party moving to set aside a judgment under subdivision (b)(1) must show not only mistake, inadvertence, surprise or excusable neglect, but also the existence of a meritorious defense. *Baker v. Baker*, 115 N.C. App. 337, 444 S.E.2d 478 (1994). Subsection (b) of Rule 60 only applies to final judgments and orders; and the subsection has no application to interlocutory orders.

A motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court, and will be disturbed on appeal only upon a showing of an abuse of that discretion. *Gallbronner v. Mason*, 101 N.C. App. 362, 399 S.E.2d 139, *disc. review denied*, 329 N.C. 268, 407 S.E.2d 835 (1991). The facts as found by the trial court are conclusive on appeal if supported by any competent evidence. *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E.2d 148, *cert. denied*, 291 N.C. 176, 229 S.E.2d 689 (1976). However, the court's conclusions of law are reviewable on appeal. *Id.*

It is well settled that provisions relating to the setting aside of default judgments should be liberally construed so as to give litigants an opportunity to have a case disposed of on the merits. *Howard v. Williams*, 40 N.C. App. 575, 253 S.E.2d 571 (1979). However, statutory provisions designed to protect plaintiffs from defendants who do not give reasonable attention to important business affairs such as lawsuits cannot be ignored. *Id.*

[1] As judgment was entered on default in the instant case, we move immediately to the issue of whether the trial judge erred in denying defendant's motion to vacate this judgment pursuant to Rule 60(b).

ESTATE OF TEEL v. DARBY

[129 N.C. App. 604 (1998)]

We proceed thusly as the propriety of the trial court's denial of defendant's motion to vacate entry of default is irrelevant, if the trial court properly denied defendant's motion to vacate entry of default judgment.

**[2]** Defendant first contends that the default judgment is void pursuant to Rule 60(b)(4), because the amended complaint was never served on defendant. We cannot agree.

By affidavit dated 16 January 1997, Attorney R. Kenneth Helms, Jr., who along with another attorney represented the Estate of Dwaine Lydell Darby through the duly appointed Administrator, defendant Darby, stated that "Liston Darby received a copy of the Amended Complaint and subsequently forwarded the same document to us. However, neither I, Mr. Lee, nor to my knowledge, anyone else from my office forwarded a copy of this Amended Complaint to Allstate Insurance Company. I did not realize at the time that the Amended Complaint changed the alleged date of the accident." Because there is sufficient evidence to support the trial court's finding that Darby had been served with a copy of the amended complaint, this finding is conclusive on appeal. Hence, this argument fails.

**[3]** We next address defendant's argument that defendant's failure to file responsive pleadings was due to excusable neglect. "[O]rdinarily[,] the inexcusable neglect of a responsible agent will be imputed to the principal in a proceeding to set aside a judgment by default." *Stephens v. Childers*, 236 N.C. 348, 351, 72 S.E.2d 849, 851 (1952). Further, it has been noted that the question of whether neglect is excusable " 'is to be determined with reference to the litigant's neglect, and not that of his attorney, or a defendant's insurer.' " *Ellison v. White*, 3 N.C. App. 235, 241, 164 S.E.2d 511, 515 (1968) (quoting 5 Strong's N.C. Index 2d *Judgments* § 25).

In *Stephens v. Childers*, our Supreme Court addressed the issue of whether the failure of the defendant to answer was excusable under section 1-220 of the General Statutes (now Rule 60(b)). *Stephens*, 236 N.C. 348, 72 S.E.2d 849. Therein, the defendant was served with summons and verified complaint. The day after being served, the defendant gave notice by telephone to his insurer's agent. The insurance agent requested that the suit papers be mailed to him, and the defendant did so on the following day. The insurance agent, upon receipt of the papers, forwarded them to the Resident Adjuster of the defendant's insurer. The Resident Adjuster contacted the

defendant and assured him that the insurer would defend him in the suit and that it would be unnecessary to employ an attorney. The insurer did not, however, employ an attorney until after a default had been obtained. The Supreme Court stated: "All the evidence tends to show that the insurance company assumed the responsibility of defending the action for the defendant with his full knowledge and consent, under circumstances which constituted the insurance company the agent of the defendant for the purpose of employing counsel and arranging for the defense of the action. On this record[,] the negligence of the insurance company was inexcusable and clearly imputable to the defendant." *Id.* at 350-51, 72 S.E.2d at 851.

Further, in *Greitzer v. Eastham*, 254 N.C. 752, 119 S.E.2d 884 (1961), the Supreme Court, applying the holding in *Stephens*, concluded that the failure of the insurance carrier to proceed properly and defend the defendant in that action was imputable to the defendant, who had delivered the suit papers to the insurer's agent. Thus, the insurer's inexcusable neglect in not answering the plaintiff's complaint was imputed to the defendant, and the trial court's denial of the defendant's Rule 60(b) motion was affirmed. *Id.*

The facts in the case *sub judice* tend to show that defendant was served with summons and the original complaint, whereupon defendant forwarded a copy of these papers to his attorney. Defendant's attorney then forwarded a copy of these papers to the insurance carrier of Darby's deceased, Allstate. Significantly, while the original complaint indicated that the accident had occurred on or about 1 May 1993, plaintiff's counsel had previously contacted Allstate by letter, indicating therein that the accident had occurred on 30 April 1993 and asking Allstate to identify its company representative who would handle the claim. Further communication between plaintiff's counsel and Allstate adjuster, Marc Luke, resulted in the denial of coverage by Allstate. Counsel representing the Estate of Jacqueline Melissa Mullis also contacted Allstate by letter indicating that the accident occurred on 30 April 1993.

Plaintiff subsequently amended the complaint to indicate that the accident occurred on or about 30 April 1993. This amended complaint was forwarded by Darby to his attorney, but counsel did not forward a copy of the amended complaint to Allstate. Darby has at no time filed a responsive pleading to either the complaint or amended complaint. Some eight months after amending her complaint, plaintiff filed a motion for entry of default against Darby, and on 3 January

1996, entry of Default was filed against him. Thereafter, on 20 May 1996, plaintiff filed a motion for entry of default judgment, and this motion was granted by judgment entered 21 August 1996.

First, we must discuss Allstate's neglect in failing to provide defendant with a defense in this matter. An insurer's duty to defend is broader than a duty to pay damages. *Walsh v. National Indemnity Co.*, 80 N.C. App. 643, 343 S.E.2d 430 (1986). "[W]here it appears that there may be coverage for claims asserted in the complaint, the insurer has a duty to defend, whether or not the insured is ultimately liable." *Royal Ins. Company of America v. Cato Corp.*, 125 N.C. App. 544, 550, 481 S.E.2d 383, 386 (1997) (citing *Walsh*, 80 N.C. App. 643, 343 S.E.2d 430). Moreover, "[w]here the insurer knows or could reasonably ascertain facts that, if proven, would be covered by its policy, the duty to defend is not dismissed because the facts alleged in the . . . complaint appear to be outside coverage, or within a policy exception to coverage." *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691, 340 S.E.2d 374, 377 (1986) (citing 7C J. Appleman, *Insurance Law and Practice* § 4683 (1978)). "In this event, the insurer's refusal to defend is at his own peril: if the evidence subsequently presented at trial reveals that the events are covered, the insurer will be responsible for the cost of the defense." *Id.*

In the instant case, Allstate was aware of information which would tend to indicate that the policy of Dwaine Lydell Darby provided coverage for the subject one-car accident. In light of the general wording of notice pleadings (on or about) and facts, as disclosed by plaintiff's attorney and others, Allstate's decision not to defend nor answer was imprudent. Under these facts, the trial court properly concluded that Allstate's actions constituted inexcusable neglect.

[4] We next look to the actions of Darby's attorney, Mr. Helms, as detailed in his affidavit. Therein, Mr. Helms admitted that he and another partner failed to forward a copy of the amended complaint to Allstate; that indeed, he was not aware that the amended complaint had changed the alleged date of the accident; that in spite of the fact that he was aware of Allstate's denial of coverage, he took no action to file a responsive pleading in the instant action for Darby; and that once he was advised of the fact that plaintiff had filed motions for entry of default and default judgment, he nor any attorney or staff member notified Allstate of the motions or subsequent entry of judgment. These actions also constitute inexcusable neglect.

[5] Finally, we turn to Darby's own failure to act in the present case. This Court has already stated that "If . . . [a] defendant turns a legal matter over to an attorney upon the latter's assurance that he will handle the matter, and then the defendant does nothing further about it, such neglect will be inexcusable." *Kirby v. Contracting Co.*, 11 N.C. App. 128, 132, 180 S.E.2d 407, 410 (1971) (citing *Moore v. Deal*, 239 N.C. 224, 79 S.E.2d 507 (1954); *Pepper v. Clegg*, 132 N.C. 312, 43 S.E. 906 (1903)). "A defendant must give its litigation matters that level of attention one gives important business matters; the primary duty of attending to litigation remains with the defendant." *Hayes v. Evergo Telephone Co.*, 100 N.C. App. 474, 481, 397 S.E.2d 325, 330 (1990).

Indisputably, the record is devoid of any evidence of follow-up by Darby once he turned this matter over to his attorney. While it is true that Darby may have depended on counsel or his deceased's insurer to answer the complaint, as amended, in this action, we find nothing to prevent the imputation of the inexcusable negligence of Allstate or Mr. Helms to Darby. The trial court, therefore, properly found and concluded that Darby had failed to show excusable neglect.

In the absence of a sufficient showing of excusable neglect, the question of a meritorious defense becomes moot and is immaterial. *Stephens*, 236 N.C. at 351, 72 S.E.2d at 851 (citing *Pate v. Hospital*, 234 N.C. 637, 68 S.E.2d 288 (1951); *Whitaker v. Raines*, 226 N.C. 526, 39 S.E.2d 266 (1946)). We, therefore, need not address defendant's argument in this regard. Moreover, we discern no other "reason justifying relief from the operation of the judgment" present in the instant case. *See* N.C.R. Civ. P. 60(b)(6).

In sum, because the trial court did not abuse its discretion in finding and concluding that defendant's failure to answer or otherwise respond to plaintiff's summons and complaint, as amended, do not amount to excusable neglect, the judgment of the trial court is affirmed.

Affirmed.

Judges GREENE and WALKER concur.