PARTRIDGE v. ASSOCIATED CLEANING CONSULTANTS

[108 N.C. App. 625 (1993)]

SARAH J. PARTRIDGE v. ASSOCIATED CLEANING CONSULTANTS & SERVICES, INC.

No. 9126SC1029

(Filed 19 January 1993)

**1. Rules of Civil Procedure § 4 (NCI3d) — no knowledge by plaintiff of defendant's correct address — service on Secretary of State effective**

The record supported the trial court's finding that plaintiff's attorney did not have actual knowledge of defendant's correct address where defendant could be served; therefore, the substituted service on the Secretary of State was effective, and the trial court did not err in denying defendant's motion to set aside default judgment pursuant to N.C.G.S. § 1A-1, Rule 60(b)(4).

**Am Jur 2d, Process §§ 278-281.**

**2. Process § 13 (NCI3d); Rules of Civil Procedure §§ 4, 60.2 (NCI3d) — failure of foreign corporation to appoint registered agent — inexcusable neglect — no relief from default judgment**

Evidence was sufficient to support the trial court's findings of fact which in turn supported its conclusion that defendant foreign corporation's failure to appoint a registered agent and to notify the Secretary of State of its address change was inexcusable neglect and led to the entry of default where defendant did business in at least six states and could reasonably expect that claims might be filed against it in any of these states; defendant failed for more than eight years to maintain a registered agent in North Carolina to receive service of process and failed for eight years to notify the Secretary of State that its address had changed; defendant was contacted on at least three occasions by the City of Charlotte, with which defendant had a contract, demanding that defendant accept responsibility for plaintiff's claim; when defendant acquired knowledge of a claim and therefore a possible suit, defendant did not appoint an agent or notify the Secretary of State of its changed address; and six months before defendant received notice from the city of the claim, an unrelated default judgment was entered against defendant in a North

Carolina court, again giving defendant notice of the need to ensure that it received notice of claims pending against it.

**Am Jur 2d, Judgments § 723.**

**3. Rules of Civil Procedure § 60.2 (NCI3d) — setting aside default judgment — failure to show mistake as basis**

There was no merit to defendant's contention that the judgment against it should be set aside because of a mistake made by the clerk of court in determining whether defendant had been served, since evidence supported the trial court's finding that no mistake occurred.

**Am Jur 2d, Judgments § 720.**

**4. Rules of Civil Procedure § 60.2 (NCI3d) — refusal to set aside default judgment — defendant's inexcusable neglect of business affairs**

The trial court did not abuse its discretion in failing to set aside default judgment against defendant pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6), since the court concluded, based on findings supported by competent evidence, that defendant's failure to appear was due to its own inexcusable neglect of its business affairs rather than to extraordinary circumstances.

**Am Jur 2d, Judgments § 730.**

Appeal by defendant from order entered 28 June 1991 and order entered 31 July 1991 in Mecklenburg County Superior Court by Judge Claude S. Sitton. Heard in the Court of Appeals 17 November 1992.

*Moore & Van Allen, by James P. McLoughlin, Jr. and P. Weston Musselman, Jr., for plaintiff-appellee.*

*Parker, Poe, Adams & Bernstein, by Irvin W. Hankins III and Josephine H. Hicks, for defendant-appellant.*

GREENE, Judge.

Defendant Associated Cleaning Consultants & Services, Inc. (Associated) appeals from the trial court's denial of its Rule 60(b) motion to set aside a default and default judgment in favor of plaintiff Sarah J. Partridge (Partridge).

PARTRIDGE v. ASSOCIATED CLEANING CONSULTANTS

[108 N.C. App. 625 (1993)]

Associated, a Pennsylvania corporation, qualified to do business in North Carolina in 1980, at which time its registration with the Secretary of State listed its address as 34 Penn Circle West, Pittsburgh. From 1986 until 1990, Associated performed cleaning services at Charlotte's Douglas International Airport (the Airport) under contract with the City of Charlotte (the City). On 29 December 1986, Partridge slipped and fell in a rest room at the Airport and sustained serious injuries, allegedly because the rest room floor was wet. Partridge's attorney notified the City of her injuries on 26 April 1988. In November, 1988, the City wrote Associated demanding indemnification pursuant to Associated's contract to clean the rest room where Partridge's fall took place. Partridge's attorney received a copy of this correspondence, which listed Associated's address as 431 Davidson Road, Pittsburgh. In August, 1989, the City again wrote to Associated demanding indemnification, and Partridge's attorney again was sent a copy which listed the Davidson Road address.

Partridge filed a complaint against Associated and the City on 21 February 1990, more than three years after her fall. Two summons were issued against Associated. First, a summons was sent to James Barlow (Barlow) by certified mail. Barlow was designated in the Secretary of State's office as Associated's registered agent for service of process, but he had had no contact with Associated since March, 1981. This summons was returned unserved. Second, on 22 March 1990, another summons was issued and served on the Secretary of State, who forwarded the summons to 34 Penn Circle West, Pittsburgh, the address on record with the Secretary of State. Associated had in fact moved to 431 Davidson Road, Pittsburgh, in 1981 and failed to inform the Secretary of State of this change of address. This second summons was returned, forwarding order expired. Associated never received actual notice of the suit against it through either of the summonses.

On 4 April 1990, the City informed Associated that Partridge had filed a suit, but that the suit was barred by the statute of limitation. On 6 April 1990, the City filed a motion to dismiss the claim against it on the statute of limitation ground. A copy of this motion was sent to Associated. On 18 April 1990, Partridge voluntarily dismissed her action against the City. On 20 April 1990, Associated requested from the City's attorney a copy of the complaint and other pertinent pleadings. Associated was informed by the City's attorney that the court file for the case contained a

PARTRIDGE v. ASSOCIATED CLEANING CONSULTANTS

[108 N.C. App. 625 (1993)]

copy of the first summons directed to Barlow, which had been returned unserved.

At 9:13 a.m., 1 May 1990, Partridge filed an affidavit of service which asserted that Associated had been served with process through substituted service on the Secretary of State. Partridge was granted a default. On that same day, Associated's attorney called the Assistant Clerk of Court for Mecklenburg County and asked if Associated had been served. The clerk told Associated's attorney that service had not yet been made. On 14 September 1990, the court entered a default judgment for Partridge in the amount of $135,015.00. In April, 1991, a writ of execution was issued by the Pennsylvania court pursuant to the default judgment. On 26 April 1991, Associated moved pursuant to Rule 60(b) that the default and default judgment be set aside. The motion was denied.

Associated argues that the trial court lacked jurisdiction over it, and therefore the judgment is void and must be set aside under Rule 60(b)(4). Associated admits that all statutory requirements governing service of process on foreign corporations were met. They argue, however, that because Partridge knew of another address where Associated might be served, her chosen method of service was not reasonably calculated to provide Associated with timely notice of the suit and thereby violated Associated's due process rights. Associated also argues that the trial court abused its discretion in failing to set aside the default judgment pursuant to Rule 60(b)(1) because its failure to maintain a registered agent in the state and notify the Secretary of State of its changed address was excusable neglect and the judgment is the result of mistake. In the alternative, Associated contends that due to the extraordinary circumstances of the case, the trial court abused its discretion by failing to set aside the default judgment under Rule 60(b)(6).

---

The issues presented are whether (I) the record supports a finding that Partridge's attorney did not have actual knowledge of Associated's correct address; (II) findings of fact based on competent evidence support the trial court's conclusion that Associated's neglect was not excusable and that no mistake occurred; and (III) findings of fact based on competent evidence support the trial court's conclusion that extraordinary circumstances did not exist.

PARTRIDGE v. ASSOCIATED CLEANING CONSULTANTS

[108 N.C. App. 625 (1993)]

I

[1]  As a general rule compliance with the Rules of Civil Procedure relating to service of process satisfies the due process requirements of the Federal and North Carolina Constitutions. *See Royal Business Funds Corp. v. South E. Dev. Corp.*, 32 N.C. App. 362, 368, 232 S.E.2d 215, 218, *disc. rev. denied*, 292 N.C. 728, 235 S.E.2d 784 (1977). Compliance with these statutes, however, does not in every instance satisfy due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318, 94 L. Ed. 865, 875 (1950) (statutory provision for notice to trust beneficiaries by publication violates due process when whereabouts of beneficiary known to trustee). If due process is denied, then service is invalid. *Anderson Trucking Serv., Inc. v. Key Way Transp., Inc.*, 94 N.C. App. 36, 44, 379 S.E.2d 665, 670 (1989). Associated argues that because Partridge's attorney had knowledge of Associated's correct address, service of process on it through the Secretary of State's office pursuant to N.C.G.S. § 55-5-04 violates the due process clause. Although this argument may have merit, we need not address it. *See Perkins v. TSG, Inc.*, 568 A.2d 665, 666, 390 Pa. Super. 303, 306 (1990) (substitute service where plaintiff actually knew defendant's true address violative of due process).

The trial court found as a fact that no evidence in the record showed that Partridge's attorney had actual knowledge of Associated's correct address at the time of substitute service on the Secretary of State.[1] The findings of fact made by the trial court are binding on appeal if there is any evidence in the record upon which to base such a finding. *Norton v. Sawyer*, 30 N.C. App. 420, 422, 227 S.E.2d 148, 151, *disc. rev. denied*, 291 N.C. 176, 229 S.E.2d 689 (1976). Because our review of the record supports the trial court's finding that there is no evidence that Partridge's attorney had actual knowledge of Associated's current address, we are not confronted with the situation that Associated suggests.

There is no evidence of any direct correspondence or contact between Associated and Partridge's attorney. The record reveals, however, that Partridge's attorney was sent copies of two letters

---

1. Although denominated by the trial court as a conclusion of law, determination of the existence of actual knowledge is reached by natural reasoning rather than the application of fixed rules of law, and is therefore a finding of fact. *Quick v. Quick*, 305 N.C. 446, 451-52, 290 S.E.2d 653, 657-58 (1982).

which contained an address for Associated, one over fifteen months and the other over six months prior to the service on the Secretary of State. Nothing in the record suggests that Partridge's attorney knew that the address on the copies was Associated's principal place of business or that it was the proper address at which to seek service of process. Partridge's attorney stated that he had no way of knowing if the address was correct. Nor is there any evidence to suggest that Partridge's attorney knew that the address on file with the Secretary of State's office was not correct for service of process. Partridge's attorney testified that he had no idea that Associated's business address as listed with the Secretary of State was not current. Indeed, he did not even know to what address the Secretary of State would attempt to forward service, or that that address was different from the return address on the copied correspondence. Thus, the record supports the trial court's finding that there is no evidence to show that Partridge's attorney had actual knowledge of an address where Associated could be served and the trial court's finding of fact will not be disturbed. Accordingly, the substituted service on the Secretary of State was effective and the trial court did not err in denying Associated's motion to set aside the judgment pursuant to Rule 60(b)(4).

II

A party seeking to set aside a judgment pursuant to Rule 60(b)(1) must show that the judgment resulted from mistake, inadvertence, surprise, or excusable neglect and must make a *prima facie* showing of a meritorious defense. *East Carolina Oil Transp., Inc. v. Petroleum Fuel and Terminal Co.*, 82 N.C. App. 746, 748, 348 S.E.2d 165, 167 (1986), *disc. rev. denied*, 318 N.C. 693, 351 S.E.2d 745 (1987).

### Excusable Neglect

Whether neglect is "excusable" or "inexcusable" is a question of law, and the trial court's conclusion that neglect is "inexcusable" will not be disturbed on appeal if competent evidence supports the trial court's findings of fact and these findings support the conclusion. *Anderson Trucking*, 94 N.C. App. at 41, 379 S.E.2d at 668. Only if "excusable" neglect has been shown does our inquiry shift to a determination of whether, given the excusable neglect, the trial court abused its discretion by not granting relief. *Id.*

**PARTRIDGE v. ASSOCIATED CLEANING CONSULTANTS**

[108 N.C. App. 625 (1993)]

[2] Associated asserted that the failure to appoint a registered agent and notify the Secretary of State of the address change was excusable neglect. The trial court concluded that Associated's failures constituted inexcusable neglect and that these failures led to the entry of default. The trial court's findings of fact show that Associated does business in at least six states, including North Carolina, and could reasonably expect that claims might be filed against it in any of these states. Associated failed for more than eight years to maintain a registered agent in North Carolina to receive service of process. Associated also failed, for over eight years, to notify the Secretary of State, who is statutorily required to forward process to Associated if its agent cannot be found, that its address had changed. Associated was contacted by the City on at least three occasions demanding that Associated accept responsibility for Partridge's claim. When it acquired knowledge of a claim and therefore a possible suit, Associated did not appoint a registered agent or notify the Secretary of State of its changed address. On 24 May 1988, an unrelated default judgment was entered against Associated in a North Carolina court, again giving Associated notice of the need to ensure that it received notice of claims pending against it.

A corporation doing business in North Carolina "which fails to pay due attention to the possibility that it could be involved in litigation . . . by failing to take steps to ensure that it is notified of claims pending against it, is guilty of inexcusable neglect." *Id.* at 41, 379 S.E.2d at 668. Thus, there existed competent evidence in the record to support the trial court's findings of fact, and these findings support the conclusion that Associated's failure to appoint a registered agent and to notify the Secretary of State of the address change were inexcusable neglect and led to the entry of the default.[2]

---

2. Associated also argues that it is entitled to relief because of the excusable neglect of its counsel. We note that the relief afforded by Rule 60(b)(1) is exceptional, and will not be granted when the litigant's own actions amount to inexcusable neglect. *Holcombe v. Bowman*, 8 N.C. App. 673, 676, 175 S.E.2d 362, 364 (1970). Because we hold that the trial court's conclusion of law that Associated's own neglect was inexcusable and led to their failure to appear was supported by competent evidence in the record, we need not address the issue of the neglect of Associated's counsel.

**Mistake**

**[3]**    Associated also contends that the judgment should be set aside because of a mistake made by the clerk of court in determining whether or not Associated had been served. The trial court concluded that no mistake had been made, and this conclusion will not be disturbed if supported by findings of fact based on evidence in the record. *Norton,* 30 N.C. App. at 422, 227 S.E.2d at 151. The trial court found as a fact that Thomas J. Madigan (Madigan), an attorney representing Associated, spoke to the Assistant Clerk of Court for Mecklenburg County sometime during the day on 1 May 1990, and she informed him that "the court file in the matter of Partridge v. ACCS [Associated] indicates that service has not been made upon [Associated]." An affidavit of service stating that Associated had been served through the Secretary of State's office was filed at 9:13 a.m. on 1 May 1990. The record reveals, through the affidavit of Madigan and a file memorandum from Madigan's office, that no evidence was presented as to the time at which Madigan made his call to the assistant clerk. Thus, nothing in the record indicates that the call from Madigan was placed after 9:13 a.m. Therefore, the trial court's conclusion that no mistake occurred is based on findings of fact supported by competent evidence in the record.

## III

**[4]**    Associated also contends that the trial court abused its discretion in failing to grant relief under Rule 60(b)(6), which allows the trial court to set aside the judgment if the judgment is the result of "[a]ny other reason justifying relief from the operation of the judgment." N.C.G.S. § 1A-1, Rule 60(b)(6) (1990). A judgment should be set aside under Rule 60(b)(6) only if the movant can show (1) that extraordinary circumstances exist and (2) justice demands that the judgment be set aside. *Huggins v. Hallmark Enters., Inc.,* 84 N.C. App. 15, 24-25, 351 S.E.2d 779, 785 (1987). Rule 60(b)(6) is equitable in nature, and if the required showing is made, the granting or withholding of relief is entirely within the discretion of the trial court. *Id.* at 25, 351 S.E.2d at 785.

The trial court concluded that Associated's failure to appear was due to its own inexcusable neglect of its business affairs rather than to extraordinary circumstances. The findings of fact, based on competent evidence in the record, support this conclusion. Ac-

cordingly, the trial court's conclusion that extraordinary circumstances did not exist will not be disturbed.

Affirmed.

Judges COZORT and WALKER concur.

Judge WALKER concurred in this opinion prior to 8 January 1993.