IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-581

Filed: 21 July 2020

Harnett County, No. 16 CVS 1155

STEPHEN V. JUDD, Plaintiff,

v.

TILGHMAN MEDICAL ASSOCIATES, LLC, Defendant.

Appeal by plaintiff from order entered 8 February 2019 by Judge Vince Rozier

in Harnett County Superior Court. Heard in the Court of Appeals 8 January 2020.

*Ortiz & Schick, PLLC, by Heather E. Connor, for plaintiff-appellee.*

*The Charleston Group, by Jose A. Coker and Daniel DiMaria, for defendant-appellant.*

TYSON, Judge.

Tilghman Medical Associates, LLC ("Defendant") appeals from the trial court's

order denying its motion to set aside the default judgment in favor of Stephen V. Judd

("Plaintiff"). We affirm.

I. Background

Plaintiff purchased three office buildings ("the properties") from Defendant for

$1,800,000.00 on 3 February 2015. Plaintiff determined the properties' effective

occupancy level at the time of sale was lower than Defendant and/or its agents had

allegedly represented to him.

Plaintiff filed a complaint, which alleged fraud against Defendant and its broker on 2 June 2016. The broker filed a motion to dismiss and an answer, but Defendant did not. Plaintiff filed an affidavit of service upon Defendant, and moved for entry of default, which the court entered on 5 August 2016. Plaintiff moved to file an amended complaint, which the trial court also granted.

Plaintiff filed an amended complaint, which alleged fraud and negligent misrepresentation against Defendant, the broker, and Capitol Properties I, LLC ("Capitol"), and breach of contract against Defendant, on 6 September 2016. The broker and Capitol jointly filed a motion to dismiss and an answer, but Defendant did not. Plaintiff again filed an affidavit of service upon Defendant and moved for entry of default against Defendant, which the trial court entered on 8 November 2016.

Mediation was held on 10 April 2017. The broker and Capitol settled with Plaintiff. All claims against them were dismissed with prejudice on 10 July 2017. Plaintiff moved for default judgment against Defendant on 17 November 2017.

The trial court conducted a hearing on 16 January 2018, which Defendant did not attend. The trial court entered default judgment against Defendant for $840,000.00, plus interest at the legal rate, on 31 January 2018. Writs of execution were issued to the Sheriff of Harnett County, who posted a notice of sale of lots owned by Defendant on the same road as the properties on 14 August 2018. The sale was set for 5 September 2018.

Defendant filed a verified emergency motion to stay the sale and a motion to set aside the judgment on 29 August 2018. Defendant asserted its member/manager, Dr. Ibrahim Naim Oudeh, "immediately provided the Amended Complaint to [Defendant]'s then-counsel" upon its receipt on 8 September 2016. Defendant claimed its then-counsel advised Dr. Oudeh they would move to dismiss the action, and Dr. Oudeh "reasonably believed that this matter was being timely handled" by Defendant's then-counsel "and had no reason to doubt otherwise."

Dr. Oudeh and Defendant both asserted they "were unaware at any time" their then-counsel "did not file an answer and failed to pursue any defense" on Defendant's behalf. Defendant claimed to have become first aware of the default judgment entered against it after Dr. Oudeh disclosed his real estate holdings in response to complaints filed against him by the United States and the State of North Carolina, which alleged false and fraudulent Medicare and Medicaid claims.

Defendant moved to set aside the default judgment on the basis of excusable neglect due to the non-action and negligence of its then-counsel. Defendant further moved to set aside the entry of default for good cause. Defendant also sought a stay of the sale.

The trial court stayed the sale on 30 August 2018 and set a hearing on Defendant's motion to set aside the judgment. Following the hearing, the trial court

entered its order denying Defendant's motion on 8 February 2019. Defendant timely filed its notice of appeal.

## II. Jurisdiction

This appeal is properly before us pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019). Defendant's brief fails to include a statement of the grounds for appellate review, as is required by N.C. R. App. P. 28(b)(4). "Compliance with the rules . . . is mandatory." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194, 657 S.E.2d 361, 362 (2008) (citations omitted).

However, "noncompliance with the appellate rules does not, ipso facto, mandate dismissal of an appeal." *Id.* at 194, 657 S.E.2d at 363 (citation omitted). "Noncompliance with [Appellate Rule 28(b)], while perhaps indicative of inartful appellate advocacy, does not ordinarily give rise to the harms associated with review of unpreserved issues or lack of jurisdiction." *Id.* at 198, 657 S.E.2d at 365.

Defendant's non-jurisdictional failure to comply with Appellate Rule 28(b)(4) does not mandate dismissal. *See id.* Counsel is admonished that our Appellate Rules are mandatory, compliance is expected therewith, and multiple sanctions are available for violation. *Id.*; N.C. R. App. P. 28(b)(4).

## III. Issues

Defendant argues the trial court abused its discretion by denying its motion to set aside either the entry of default pursuant to N.C. Gen. Stat. § 1A-1, Rule 55(d)

(2019) or the default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) (2019). Defendant also challenges one finding of fact and one conclusion of law in the trial court's order as erroneous.

## IV. Entry of Default

Defendant argues the trial court erred by denying his motion to set aside the entry of default under Rule 55(d). Defendant cites the first portion of Rule 55(d): "For good cause shown the [trial] court may set aside an entry of default[.]" N.C. Gen. Stat. § 1A-1, Rule 55(d). "This standard is less stringent than the showing of 'mistake, inadvertence, [surprise,] or excusable neglect' necessary to set aside a default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)." *Brown v. Lifford*, 136 N.C. App. 379, 382, 524 S.E.2d 587, 589 (2000) (citation omitted).

Although Defendant moved "pursuant to Rules 55 [and] 60 . . . of the North Carolina Rules of Civil Procedure for an order . . . setting aside the entry of default," the trial court analyzed the motion solely under Rule 60(b). "While entry of default may be set aside pursuant to Rule 55(d) and a showing of good cause, after judgment of default has been entered, the motion to vacate is governed by Rule 60(b)." *Estate of Teel by Naddeo v. Darby*, 129 N.C. App. 604, 607, 500 S.E.2d 759, 762 (1998) (citations omitted).

The trial court appropriately declined to analyze Defendant's motion under the Rule 55(b) "good cause" standard, after default judgment had already been entered

against Defendant. This ruling accords with the plain text of Rule 55(d), when read in its entirety: "For good cause shown the court may set aside an entry of default, and, *if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)*." N.C. Gen. Stat. § 1A-1, Rule 55(d) (emphasis supplied).

The cases Defendant cites, in which this Court reviewed a trial court's denial of a motion to set aside the entry of default using the Rule 55(d) "good cause" standard, are inapposite upon closer examination. In *Swan Beach Corolla, L.L.C. v. Cty. of Currituck*, this Court reversed the denial of a motion to set aside the entry of default, in which case default judgment had subsequently been entered, but only after this Court had previously held the defendants' initial appeal from the denial of a motion to set aside entry of default "was interlocutory *because no default judgment had been entered*." *Swan Beach Corolla, L.L.C. v. Cty. of Currituck* (*Swan Beach III*), 255 N.C. App. 837, 840, 805 S.E.2d 743, 746 (2017) (emphasis supplied), *aff'd per curiam*, 371 N.C. 110, 110, 813 S.E.2d 217, 217-18 (2018); *see also Swan Beach Corolla, L.L.C. v. Cty. of Currituck* (*Swan Beach II*), 244 N.C. App. 545, 781 S.E.2d 350, 2015 WL 8747777, at *2 (2015) (unpublished). In *Swan Beach III*, the issue of the trial court's denial of the motion to set aside the entry of default was independently preserved upon remand, despite the subsequent entry of default judgment after this Court's decision in *Swan Beach II*.

In *Jones v. Jones*, also cited by Defendant, this Court affirmed the denial of a motion to set aside the entry of default, but again no default judgment had been entered in that case. __ N.C. App. __, __, 824 S.E.2d 185, 189 (2019), *aff'd per curiam*, 373 N.C. 381, 837 S.E.2d 872 (2020) (defendant appealed the trial court's entry of default, denial of motion to dismiss entry of default, and order for specific performance, but no default judgment was ever entered).

We need not consider Defendant's arguments regarding the entry of default. After default judgment was entered in this case and before Defendant filed his motion to set aside either entry of default or default judgment, the trial court was bound by the plain text of Rule 55(d) and precedents to analyze Defendant's motion under the standards set forth in Rule 60(b). "We proceed thusly as the propriety of the trial court's denial of [D]efendant's motion to vacate entry of default is irrelevant, if the trial court properly denied [D]efendant's motion to vacate entry of default judgment." *Estate of Teel*, 129 N.C. App. at 608, 500 S.E.2d at 762. Defendant's argument is overruled.

## V. Default Judgment

Defendant argues the trial court abused its discretion by denying his motion to set aside the default judgment under N.C. Gen. Stat. § 1A-1, Rules 60(b)(1) and 60(b)(6).

### A. Standard of Review

> The decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial judge, and will not be overturned on appeal absent a clear showing of abuse of discretion.
>
> Whether neglect is "excusable" or "inexcusable" is a question of law. The trial judge's conclusion in this regard will not be disturbed on appeal if competent evidence supports the judge's findings, and those findings support the conclusion.

*Elliott v. Elliott*, 200 N.C. App. 259, 261-62, 683 S.E.2d 405, 408 (2009) (citation omitted).

## B. Excusable Neglect

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . excusable neglect[.]" N.C. Gen. Stat. § 1A-1, Rule 60(b)(1). "To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense." *Elliott*, 200 N.C. App. at 262, 683 S.E.2d at 408.

> It is well settled that provisions relating to the setting aside of default judgments should be liberally construed so as to give litigants an opportunity to have a case disposed of on the merits. However, statutory provisions designed to protect plaintiffs from defendants who do not give reasonable attention to important business affairs such as lawsuits cannot be ignored.

*Estate of Teel*, 129 N.C. App. at 607, 500 S.E.2d at 762 (citations omitted).

This Court has recognized:

> the neglect of a litigant's attorney will not be imputed to the litigant unless the litigant is guilty of inexcusable neglect. . . . When a litigant has not properly prosecuted his case because of some reliance on his counsel, the excusability of the neglect on which relief is granted is that of the litigant, not of the attorney.

*N.C. State Bar v. Hunter*, 217 N.C. App. 216, 228, 719 S.E.2d 182, 191 (2011) (citation and alterations omitted).

Defendant argues its reliance on its then-counsel was reasonable and has demonstrated excusable neglect. Defendant asserts it provided the amended complaint immediately to its former counsel. Dr. Oudeh "reasonably believed that this matter was being timely handled by his then law firm, and he had no reason to doubt otherwise based on his prior dealings with the law firm," which "handled nearly all of the legal matters for [Defendant] in the preceding ten (10) years."

Defendant disputes Plaintiff's assertions regarding documents he allegedly mailed to Defendant at Dr. Oudeh's place of business. Defendant, however, makes no assertion it communicated further with its then-counsel about this matter after providing counsel with the amended complaint.

"The standard of care required of the litigant is that which a man of ordinary prudence usually bestows on his important business." *Moore v. Deal*, 239 N.C. 224, 227, 79 S.E.2d 507, 510 (1954) (citations omitted). Our Supreme Court has repeatedly held: "the employment of counsel does not excuse the client from giving proper attention to the case." *Hyde Cty. Land & Lumber Co. v. Thomasville Chair Co.*, 190

N.C. 437, 438, 130 S.E. 12, 13 (1925) (citations omitted). "When a man has a case in court the best thing he can do is to attend to it." *Pepper v. Clegg*, 132 N.C. 312, 316, 43 S.E. 906, 907 (1903).

> Where a defendant engages an attorney and thereafter diligently confers with the attorney and generally tries to keep informed as to the proceedings, the negligence of the attorney will not be imputed to the defendant. If, however, the defendant turns a legal matter over to an attorney upon the latter's assurance that he will handle the matter, and then the defendant does nothing further about it, such neglect will be inexcusable.

*Meir v. Walton*, 2 N.C. App. 578, 582-83, 163 S.E.2d 403, 406 (1968) (citing *Moore*, 239 N.C. at 228, 79 S.E. 2d at 511; *Pepper*, 132 N.C. at 316, 43 S.E. at 907).

In the case of *Estate of Teel*, the record was "devoid of any evidence of follow-up by [the defendant] once he turned this matter over to his attorney." *Estate of Teel*, 129 N.C. App. at 611, 500 S.E.2d at 764. While the defendant in *Estate of Teel* "may have depended on counsel . . . to answer the complaint," this Court found "nothing to prevent the imputation of the inexcusable negligence" of the defendant's agents in that case. *Id.* "The trial court, therefore, properly found and concluded [the defendant] had failed to show excusable neglect." *Id.* The analysis and holding in *Estate of Teel* controls the outcome here.

The Supreme Court of North Carolina observed over 115 years ago: "A lawsuit is a serious matter. He who is a party to a case in court must give it that attention which a prudent man gives to his important business. That was not done in this

case." *Pepper*, 132 N.C. at 315, 43 S.E. at 907 (citations and internal quotation marks omitted).

"In the absence of a sufficient showing of excusable neglect, the question of a meritorious defense becomes moot and is immaterial." *Estate of Teel*, 129 N.C. App. at 611, 500 S.E.2d at 764 (citing *Stephens v. Childers*, 236 N.C. 348, 351, 72 S.E.2d 849, 851 (1952)). "We, therefore, need not address defendant's argument in this regard." *Id.* Defendant has failed to demonstrate the trial court abused its discretion by denying its motion under Rule 60(b)(1) for excusable neglect to reverse the judgment.

## C. Rule 60(b)(6)

Defendant also argues the trial court abused its discretion by denying its motion pursuant to Rule 60(b)(6). In lieu of a showing of any of the other reasons for relief listed in Rule 60(b), a trial court may also grant relief from a judgment or order to a party for "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6).

"To qualify for relief under Rule 60(b)(6), a movant must satisfy a three-part test: (1) extraordinary circumstances exist, (2) justice demands the setting aside of the judgment, and (3) the defendant has a meritorious defense." *Wiley v. L3 Commc'ns Vertex Aerospace, LLC*, 251 N.C. App. 354, 361, 795 S.E.2d 580, 586 (2016) (citation and internal quotation marks omitted). "This Court previously has recognized that

the size of a default judgment award is a relevant factor to consider when determining whether extraordinary circumstances exist and whether justice would be best served by affording relief from judgment." *Id.*

If the evidence and findings supports the conclusion that a party's "failure to appear was due to its own inexcusable neglect of its business affairs rather than to extraordinary circumstances[,] . . . the trial court's conclusion that extraordinary circumstances did not exist will not be disturbed." *Partridge v. Associated Cleaning Consultants & Services, Inc.*, 108 N.C. App. 625, 632-33, 424 S.E.2d 664, 669 (1993). Defendant cannot show entitlement to relief under Rule 60(b)(6). These arguments are overruled. *See id.*

## VI. <u>Finding of Fact Number 39</u>

Defendant challenges the trial court's finding of fact number 39: "Defendant['s] sole argument is that the Default Judgment should be set aside under North Carolina Rule of Civil Procedure 60(b) for excusable neglect, because the neglect of counsel rendered Defendant Tilghman's neglect excusable."

### A. Standard of Review

"Findings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if there is evidence to the contrary." *Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 179, 695 S.E.2d 429, 434 (2010) (citation and alterations omitted).

B. Analysis

"A trial court is not required to make written findings of fact when ruling on a Rule 60(b) motion, unless requested to do so by a party." *Monaghan v. Schilling*, 197 N.C. App. 578, 582, 677 S.E.2d 562, 565 (2009) (citations omitted). Defendant does not assert it requested the trial court to make written findings of fact. Instead, Defendant argues that, because the court elected to make findings of fact in its own discretion, it abused its discretion by not making any findings of fact regarding Defendant's asserted justifications of excusable neglect and a meritorious defense.

Defendant argues, "the trial court in essence did not consider any of those facts presented to the trial court." Defendant then cites assertions of fact it presented to the trial court below. Defendant's argument boils down to: if the trial court elects to make findings of fact, in its own discretion, on a Rule 60(b) motion, then it must make findings of fact on *all* facts presented to it by *each* party. This assertion is neither required nor supported by our rules or precedents.

"Where the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion." *Id.* (citations and alteration omitted). The challenged finding of fact in this case is supported by competent evidence in the record, as well as the preceding thirty-eight findings of fact, even if Defendant presented evidence to the contrary. *See*

*Sisk*, 364 N.C. at 179, 695 S.E.2d at 434. "Although it is clearly the better practice for trial courts to make explicit findings of fact with respect to the elements of Rule 60(b)(1), . . . the trial court's failure to do so here does not require reversal." *Parris v. Light*, 146 N.C. App. 515, 519, 553 S.E.2d 96, 98 (2001). Defendant's argument is overruled.

## VII. Conclusion of Law Number 10

Lastly, Defendant challenges the trial court's conclusion of law number 10:

> Based upon the foregoing findings of fact, and given that Defendant . . . was served with over eighteen pleadings, motions, notices of hearing and other documentation related to the case over a two year period, Defendant has not established excusable neglect to set aside the Default Judgment entered against it under North Carolina Rule of Civil Procedure 60(b).

### A. Standard of Review

"Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004) (citation omitted).

### B. Analysis

Defendant argues conclusion of law number 10 was erroneous because: (1) it is unsupported by the findings of fact, specifically the challenged finding of fact number 39; (2) it does not address the elements of Rule 60(b) or the evidence presented below by Defendant; and, (3) it contains bare conclusions or mere recitations of the evidence. As discussed above, we disagree with Defendant's arguments challenging the findings

of fact in this case, and so find that argument here unpersuasive. The arguments concerning the elements of Rule 60(b) and the other evidence presented below by Defendant is similarly repetitive of arguments previously discussed and resolved.

Defendant argues the trial court failed to make conclusions of law regarding the remaining elements of Rule 60(b) or the other evidence presented below. This argument is: "A conclusion of law is the court's statement of the law which is determinative of the matter at issue and *must be based on the facts found by the court*[.]" *Williamson v. Williamson*, 140 N.C. App. 362, 365, 536 S.E.2d 337, 339 (2000) (emphasis supplied) (citation, alteration, and internal quotation marks omitted). The findings referred to in the trial court's conclusion of law number 10 are not mere recitations. Rather, the trial court references the evidence and findings of fact upon which it concludes Defendant's neglect was inexcusable.

The trial court's conclusion of law was supported by its findings of fact and the competent evidence in record in this case. Defendant's arguments are overruled.

## VIII. <u>Conclusion</u>

The trial court appropriately declined to analyze Defendant's motion to set aside entry of default under Rule 55(b)'s "good cause" standard after default judgment had already been entered against Defendant in this case. *See* N.C. Gen. Stat. § 1A-1, Rule 55(d); *Estate of Teel*, 129 N.C. App. at 607, 500 S.E.2d at 762.

Defendant failed to show excusable neglect under Rule 60(b)(1), when its member/manager provided Plaintiff's amended complaint to its then-counsel and the record is "devoid of any evidence of follow-up by [Defendant] once he turned this matter over to his attorney." *Estate of Teel*, 129 N.C. App. at 611, 500 S.E.2d at 764. Competent evidence supports the conclusion that Defendant's "failure to appear was due to its own inexcusable neglect of its business affairs rather than to extraordinary circumstances." *Partridge*, 108 N.C. App. at 632, 424 S.E.2d at 669. As a result, "the trial court's conclusion that extraordinary circumstances did not exist [under Rule 60(b)(6)] will not be disturbed." *Id.* at 633, 424 S.E.2d at 669.

The finding of fact Defendant challenges was supported by competent evidence in the record, despite Defendant's evidence to the contrary. *See Sisk*, 364 N.C. at 179, 695 S.E.2d at 434. The trial court's conclusion of law number 10 was supported by findings of fact and the evidence in this case. This conclusion was not a mere recitation, but rather referenced the facts upon which it concluded Defendant's neglect was inexcusable.

The trial court properly denied Defendant's motion to set aside the default judgment. We affirm the trial court's rulings. *It is so ordered.*

AFFIRMED.

Judges DILLON and MURPHY concur.